[662 NYS2d 76]

In the Matter of TIMOTHY JAMES KELLEHER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 8, 1997

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Gloria A. Bunze* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The petition contains three charges of professional misconduct against the respondent. After a hearing at which the re-

spondent appeared *pro se,* the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has neither cross-moved nor submitted any response to the motion.

Charge One alleges that the respondent was convicted of a crime within the meaning of Judiciary Law § 90 (4) (c) and 22 NYCRR 691.7 (d).

On August 5, 1994, the respondent was convicted in City Court of the City of Yonkers of one count of criminal mischief in the fourth degree, in violation of Penal Law § 145.00 (1), a class A misdemeanor. The crime involved intentionally damaging the property of another person in an amount exceeding $250. The respondent was sentenced to three years' probation on condition that he attend psychotherapy, make restitution of $441.93 to Susan Kelleher, and abide by a three-year order of protection issued in favor of Susan Kelleher and their daughter, with the provision that he might apply to the Family Court for visitation after one year.

Charge Two alleges that the respondent is guilty of failing to file with this Court a record of the above conviction within 30 days thereof, in violation of Judiciary Law § 90 (4) (c). The certificate of disposition reflects that the respondent was convicted on August 5, 1994. The respondent failed to notify this Court of his conviction until on or about March 28, 1995, more than seven months later.

Charge Three alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law and that is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (8) and (5) (22 NYCRR 1200.3 [a] [8], [5]), based on the factual allegations set forth in Charges One and Two.

In light of the respondent's admissions and the evidence adduced at the hearing, the Special Referee properly sustained all three charges of professional misconduct, and the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Special Referee has submitted for the Court's consideration the fact that the respondent's criminal conviction resulted from a domestic dispute which does not reflect on his professional ability. Further, at the time of the underlying events, which involved less than one hour, the respondent's mental and emotional health were strained. The respondent

admitted that he overreacted to the remarks of his father-in-law which he found hurtful and should have walked away. The respondent reported his conviction when he became aware of the requirement that he do so. He evidenced remorse and has withdrawn from the practice of law. The Special Referee noted that there was nothing venal in the respondent's apparently aberrational behavior.

Under the totality of circumstances, the respondent is censured for his misconduct.

BRACKEN, J. P., ROSENBLATT, MILLER, O'BRIEN and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Timothy James Kelleher, is censured for his misconduct.